## ORCHARD *vs.* CROSS and others.

The finding of a referee upon questions of fact, will not be reviewed in the supreme court, at general term.

Where one party is in possession of personal property, on which he has a lien, and another party, with notice of that lien, acquires a subsequent one, the party having the prior possession, has the better right until his lien is satisfied.

THIS was an appeal from the decision of EDMONDS, justice, at special term, denying a motion, for a new trial on the ground of newly discovered evidence. It was coupled with a motion to set aside the report of the referee; the parties stipulating to argue the appeal, and the motion to set aside the report, together. On the argument before the general term, the counsel for the

Orchard *v.* Cross.

plaintiff abandoned the appeal from the decision of the justice at special term ; and the only question before the court was the motion to set aside the report of the referee. The action was trover, for the value of certain stereotype plates. The plaintiff claimed title to them through a personal mortgage to him, from Jonathan K. Wellman, bearing date the 5th of February, 1847 ; and a personal mortgage from Wellman to Arthur Terry, bearing date the 20th of November, 1846, and assigned by Terry to Benjamin H. Culver, on the 19th of March, 1847 ; and by Culver assigned to the plaintiff, on the 5th of October, 1847. The defendants claimed title under a personal mortgage from said Wellman to James L. Wood, bearing date April the 27th, 1846, and assigned by Wood, to the defendants, on the 10th of November, 1846 ; and also under a personal mortgage from the said Wellman, to them, the defendants, Jeremy Cross, Frederick R. Griffin, and Lewis D. Buckley, bearing date the 31st of October, 1846. Upon the hearing before the referee, it was proved on behalf of the defendants, that in October, 1846, Wellman was owing the defendants about $800 ; that he said he would secure them that debt, and put them in possession of the plates, if they would let him have some money ; the defendants did, in that month, advance to Wellman, some $1500, in addition to that prior debt ; and Wellman brought to the defendants' store, the plates in question, and left them there, in the defendants' possession. The money, it appeared, was advanced the same day the plates were left with the defendants. It was proved on the part of the plaintiff, that Wellman had applied to the plaintiff, for the loan of $300, in January or February, 1847 ; that the plaintiff went to Cross, Buckley & Co's (the defendants') store, and stated to Cross, that Wellman asserted that the mortgage from him, (Wellman,) to Wood, for $1000, was paid, and formed a part of the $2200 mortgage given to the defendants ; that it was purchased by the defendants, and was merged in the $2200 which constituted their lien on the property ; that Cross replied that it was so ; that the whole amount of their lien was the amount of their $2200 mortgage ; that they had the property in their own possession ; that they con-

sidered themselves amply secure; that he had no doubt of the security being quite sufficient for Orchard's (the plaintiff's) advance, besides his own; that the difficulty seemed to be that Wellman was a little short of money, and if he was able to get up his next numbers, his new subscriptions for the new year would begin to come in, and he would begin to have money, and would be able to repay Orchard his money. Upon these representations of Cross, the plaintiff was satisfied, and he advanced the money to Wellman the next day. It was also proved that on the 3d of May, 1847, the plaintiff went to the store of the defendants, and made a demand of the plates; the defendant, Cross, refused to give them up, saying they claimed under an execution. The defendants proved by a deputy sheriff that he, as such deputy, sold the property in question in this suit, on the 18th of October, 1847. He sold out under the mortgage from Wellman to the defendants; and from Wellman to Wood, assigned to the defendants, and upon an execution in favor of the defendants. The referee reported that the defendants, by the conversation of Cross with the plaintiff, were estopped in fact from setting up a lien on the goods in controversy, beyond the sum of $2200; but not from setting up a lien to that amount; that the defendants had a good and valid· lien ·on the goods, to hold the same, till their debt from Wellman was paid; that the plaintiff was not entitled to the possession of the goods at the time of his demand of the same, nor thenceforth at any other time, and that the same were rightfully retained by the defendants; and, that judgment ought to be entered for the defendants in this suit.

*J. Cochrane*, for the plaintiff.

*C. S. Woodhull*, for the defendants.

*By the Court*, KING, J. Upon the argument, the counsel for the plaintiff abandoned the appeal from the decision of the judge, at special term, refusing to grant a new trial, on the ground of newly discovered evidence. The motion now is, to

Orchard *v.* Cross.

set aside the referee's report. So far as this proceeds on the supposition that the referee's finding is at variance with the facts in the case, it is sufficient to say that the referee's finding, upon questions of fact, will not be reviewed in this court, at the general term. So far as it is based upon a supposed error of the referee, in determining the legal effect of the facts found by him, I have not been able to perceive the error. The defendants were in possession of the plates, for which the action is brought, upon a pledge thereof, for money advanced, and to be advanced, by them. Under a separate mortgage to secure the same debt, they had a lien on the copyright of the works, the stereotype plates of which, were in their possession. The plaintiff's claim, under the mortgage assigned to him, and the one made to him by Wellman, arose subsequently to the defendants' possession, by virtue of the pledge to them. The defendants informed the plaintiff, before he became assignee of the first mortgage under which he claims, or advanced money on the second mortgage, of the *amount* of their lien on the plates, stating it to be, the amount mentioned in the mortgage they held on the copyrights of the works printed from said plates. They did not mislead the plaintiff, by stating the nature of their lien; and the mortgage disclosed that the plates were not included in it. The plaintiff understood the amount for which the defendants claimed to hold the plates. That amount has not been paid; he has not been misled by them, to his prejudice; and they having the prior possession, have the better right until their lien is satisfied. This lien was not satisfied when the action was tried; and in my opinion, the referee properly found for the defendant, and his decision should be affirmed.

Judgment should be entered for the defendants, with costs.

[NEW-YORK GENERAL TERM, December 1, 1851. *Edmonds, Mitchell* and *King,* Justices.]